# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806        www.pryorcashman.com

**RECEIVED JAN 2 7 2012 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/12

James S. O'Brien, Jr.
Partner

Direct Tel: (212) 326-0121
Direct Fax: (212) 798-6317
jobrien@pryorcashman.com

January 24, 2012

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *Deep Woods Holdings v. Savings Deposit Insurance Fund
      of the Republic of Turkey*; Case No. 07 CIV. 934 (AKH)

[Handwritten annotation: "Proceed by motion (R. 37(d) for R Civ P), and seek an appropriate sanction of the court's order is not obeyed, fully and punctually at times. 1-27-12 /s/ AKHellerstein"]

Dear Judge Hellerstein:

   We represent Plaintiff Deep Woods Holdings LLC. As Your Honor is aware, Deep Woods is attempting to locate assets in order to execute on its Judgment in the amount of $25 million dollars issued by this Court in March 2011. In connection with its collection efforts, on November 9, 2011, Deep Woods served its First Set of Interrogatories upon SDIF pursuant to F.R. Civ. P. 33 and 69 requiring SDIF to answer under oath the interrogatories set forth therein on or before December 9, 2011. For the Court's convenience, a copy of the First Set of Interrogatories is attached hereto as Exhibit "A."

   Also on November 9, 2011, Deep Woods served upon SDIF a Notice of Deposition pursuant to F.R. Civ. P. 69 (a) and 30 requiring SDIF to appear for a deposition on December 15, 2011 at 10:00 a.m. at our offices. A copy is attached hereto as Exhibit "B."

   On December 9, 2011, the day the interrogatories were due, SDIF sent a letter requesting a discovery extension because "Baker McKenzie LLP will not represent us in the execution proceedings in the above mentioned case." We agreed to extend SDIF's time to respond to December 30, 2011. On December 27, however, Ronan McHugh, Esq. from Bailey Law PC wrote to request another extension and explained that his firm "has been hired to represent SDIF in connection with the [discovery] your client is seeking." After lengthy discussions with Mr. McHugh on behalf of SDIF, it was agreed that SDIF would respond to post-judgment interrogatories by January 30, 2012, and that Deep Woods' post-judgment deposition would take place February 6 and 7, 2012. It was agreed that those dates were final.

   Once again, however, by letter dated January 23, 2012 (attached as Exhibit "C"), Mr. McHugh advised that notwithstanding the previous agreement that the interrogatory response

**PRYOR CASHMAN LLP**

Hon. Alvin Hammerstein
January 24, 2012
Page 2

and deposition dates were "final," he advised that SDIF was "unable" to appear on the agreed upon dates for deposition. Instead, Mr. McHugh requested another extension, this time to the weeks of February 27 or March 5, 2012. There was no indication as to when SDIF would respond to the interrogatories.

We believe that we have been more than patient with SDIF. At every turn, SDIF seeks to frustrate our efforts to seek information concerning its assets. We believe the time has come to set firm discovery dates and respectfully request Your Honor to "So-Order" that SDIF answer fully and completely the interrogatories on or before February 6, 2012 and that it appear for deposition during the week beginning February 27, 2012, excluding Monday, for depositions to be continued day to day as necessary.

Respectfully submitted,

James S. O'Brien, Jr.

JOB/am
Enclosures
cc:   Ronan McHugh, Esq., Bailey Law PC


**SO-ORDERED:**

_____
**Alvin K. Hellerstein, U.S.D.J.**

# EXHIBIT A

James S. O'Brien, Jr.
Ross M. Bagley
Benjamin S. Akley
PRYOR CASHMAN LLP
Attorneys for Plaintiff
410 Park Avenue
New York, New York 10022
(212) 421-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEEP WOODS HOLDINGS, LLC,<br><br>    Plaintiff,<br><br> -against-<br><br>SAVINGS DEPOSIT INSURANCE FUND OF THE REPUBLIC OF TURKEY (TASARRUF MEVDUATI SIGORTA FUND),<br><br>    Defendant. | 08 Civ. 934 (AKH)<br><br>(ECF Case) |

### FIRST SET OF INTERROGATORIES TO JUDGMENT DEBTOR SAVINGS DEPOSIT INSURANCE FUND OF THE REPUBLIC OF TURKEY A/K/A TASARRUF MEVDUATI SIGORTA FUND IN AID OF EXECUTION PURSUANT TO F.R.C.P. RULES 33 AND 69

**PLEASE TAKE NOTICE** that Plaintiff and Judgment Creditor Deep Woods Holdings LLC ("Deep Woods"), by its counsel of record, Pryor Cashman LLP, hereby demands that Judgment Debtor Savings Deposit Insurance Fund of the Republic of Turkey a/k/a Tasarruf Mevduati Sigorta Fund ("SDIF") answer under oath the following Interrogatories pursuant to Rules 33 and 69 of the Federal Rules of Civil Procedure on or before December 9, 2011.

## DEFINITIONS

The following definitions apply to this set of Interrogatories:

A.     The term "document(s)" shall have the meaning set forth in Local Rule 26.3(c)(2) and includes, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

B.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.     The use of a singular form of any word includes the plural and vice versa.

D.     The terms "Defendant," "SDIF," "you" and "your" mean the defendant in this action, the Savings Deposit Insurance Fund of Turkey (a/k/a Tasarruf Mevduati Sigorta Fund), as well as its current and former affiliates, parents, subsidiaries, agents, employees, officers, directors, representatives, accountants, attorneys, predecessors, successors and assigns.

E.     The terms used herein defined in Local Civil Rule 26.3 of the Local Rules for the United States District Courts for the Southern District of New York shall have the meanings set forth therein.

## INSTRUCTIONS

The following instructions apply to this set of Interrogatories:

1.     With respect to claims of privilege, reference is hereby made to the requirements set forth in Local Civil Rule 26.2 for the Southern District of New York, which are incorporated by reference herein.

2.     If any document would be produced in response to these interrogatories which was at one time in existence but has been lost, discarded or destroyed, identify such document as

completely as possible, including; (1) the type of document; (2) the document's date; (3) the date or approximate date it was lost, discarded or destroyed; (4) the circumstances and manner in which it was lost, discarded or destroyed; (5) the reason(s) for disposing of the document (if discarded or destroyed); (6) the identity of all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the document; (7) the identity of the person(s) who lost, discarded or destroyed such document; and (8) the identity of all person(s) having knowledge of the contents thereof.

     3.     In answering these interrogatories, even though the questions will be directed to "you," furnish all information which is available to you, including, but not limited to, information in the possession of your attorneys or investigators for your attorneys, your consultants and accountants, and not merely such information within your own knowledge. If you cannot answer the interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

     4.     Unless otherwise stated in a particular request, these Interrogatories shall pertain to the SDIF's assets as of the date of this set of Interrogatories.

     5.     The interrogatories set forth below are to be regarded as continuing, and you are requested and required by the Federal Rules of Civil Procedure to provide, by way of supplementary answers thereto, such additional information as you, or any other person on your behalf, may hereafter obtain which will augment or otherwise modify your answers now given to the interrogatories below. Such supplementary answers are to be served upon the attorneys for Plaintiff promptly after receipt of such information.

6. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated, and the answers shall be provided to the extent the Interrogatory is not objectionable.

7. If You decline to respond to any Interrogatory asserting a privilege or otherwise, You shall identify the basis for such assertion in sufficient detail to permit the Court to adjudicate the validity thereof. All grounds for an objection to an Interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the failure to object is excused by the Court for good cause shown.

8. These Interrogatories shall be deemed continuing in nature. If You obtain additional or different information from the time the answers are served, You shall be required to supplement Your answers immediately upon receipt thereof.

9. The rules of construction set forth in Local Civil Rule 26.3 of the Local Rules for the United States District Courts for the Southern District of New York shall apply to all requests.

10. Undefined terms in Interrogatories should be read to have their customary meaning as used in the international banking and financial industries, and the U.S. Generally Accepted Accounting Principles (GAAP).

## INTERROGATORIES

1. Provide all documents containing Your most current audited and/or unaudited year end and quarterly financial statements, including balance sheet and/or list of assets.

2. Provide all documents containing Your most recent filing or filings with the Banking Regulation and Supervision Agency of Turkey that disclose Your balance sheet and/or list of assets.

3. Set forth in detail the cash and balances due You from depository institutions, both in Turkey and in foreign depository institutions, including interest-bearing balances and non-interest-bearing balances and currency and coin, if any, including the names and locations of such depository institutions, amounts due and aggregate current value.

4. Set forth in detail Your held-to-maturity securities, available-for-sale securities, and securities purchased under agreements to resell, if any, including aggregate current market value. "Securities" includes foreign-issued and domestic-issued securities, government-issued securities, mortgage-backed securities (both commercial and issued or guaranteed by foreign or domestic government agencies), asset-backed securities and structured financial products, foreign and/or domestic debt securities, investments in mutual funds and other equity securities with readily determinable fair values, and any other asset treated as a security under SDIF's accounting practices.

5. Set forth in detail Your loans and lease financing receivables, if any, including loans and leases net of unearned income and allowance, including aggregate current market value. "Loans and lease financing receivables" includes construction loans, land development loans, loans secured by real property, loans to foreign or domestic depository institutions and acceptances of other banks, agricultural loans, commercial and/or industrial loans, loans to

individuals, consumer loans, credit cards, revolving credit lines, automobile loans, education loans, loans to foreign governments and official institutions, loans to foreign central banks, loans to nondepository institutions, lease financing receivables and any other asset treated as a loan and/or lease under SDIF's accounting practices.

6. Set forth in detail Your trading assets, if any, including aggregate current market value.

7. Set forth in detail Your premises and fixed assets, including capitalized leases, and including the locations, descriptions and aggregate current market value.

8. Set forth in detail Your other real estate owned, if any, including location, description and aggregate current market value.

9. Set forth in detail Your investments in unconsolidated subsidiaries and associated companies, including investment amount and percentage of ownership, name of subsidiary or company, as applicable, and estimated aggregate current value.

10. Set forth in detail Your investments in real estate ventures, including aggregate current market value.

11. Set forth in detail the current valuation of Your intangible assets, including goodwill.

12. Set forth in detail any other of Your assets not disclosed in Interrogatories Nos. 1-11, including current aggregate market value.

13. Set forth in detail the amount of deposits held by You in domestic offices, including non-interest bearing and interest-bearing deposits.

14. Set forth in detail each and every indebtedness to You, whether any such indebtedness is secured, unsecured and/or contingent, and identify each and every person or entity who is so indebted to You.

15. Identify each and every litigation in which You or any entity in which You had an interest has been involved during the last six (6) years whether said litigation has resulted in a judgment, recovery or settlement and if so, identify that judgment, recovery or settlement.

16. Identify any transfer of shares of stock, bonds, securities, mutual funds or other publicly or privately traded commodities, assets, personal property, and/or real property by You to any person or entity in the past thirty-six (36) months, whether by sale, exchange, donation, or otherwise.

17. Identify any person or entity who makes or keeps your financial records for You, or any business entity in which You had or have an interest, who prepared Your most recent financial statements, and who currently is in custody of records of salaries, commissions, bonuses, allowances, expenses, or any other sums of money paid to You by others within the last five years, or who has served as a trustee, bookkeeper, accountant or other adviser to You on financial decisions and matters.

Dated:   New York, New York
         November 9, 2011

PRYOR CASHMAN LLP
Attorneys for Plaintiff Deep Woods Holdings, LLC

By: _____
    James S. O'Brien, Jr.
    Ross M. Bagley
    Benjamin S. Akley
    7 Times Square
    New York, NY 10036-7311
    Telephone:   (212) 421-4100

# EXHIBIT B

James S. O'Brien, Jr.
Ross M. Bagley
Benjamin S. Akley
PRYOR CASHMAN LLP
Attorneys for Plaintiff
410 Park Avenue
New York, New York  10022
(212) 421-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEEP WOODS HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>  -against-<br><br>SAVINGS DEPOSIT INSURANCE FUND OF THE REPUBLIC OF TURKEY (TASARRUF MEVDUATI SIGORTA FUND),<br><br>      Defendant. | 08 Civ. 934 (AKH)<br><br>(ECF Case)<br><br>**NOTICE OF DEPOSITION**<br>**(Fed. R. Civ. P. 69(a);**<br>**Fed. R. Civ. P. 30)** |

TO SAVINGS DEPOSIT INSURANCE FUND
   OF THE REPUBLIC OF TURKEY
   A/K/A TASARRUF MEVDUATI SIGORTA FUNU
   Baker & McKenzie LLP
   *Attorneys for Defendant*
   1114 Avenue of the Americas
   New York, New York 10036
   Attention: John A. Basinger, Esq.

**PLEASE TAKE NOTICE** that on December 15, 2011 at 10:00 a.m., Plaintiff and Judgment Creditor Deep Woods Holdings LLC ("Deep Woods"), by its counsel of record, Pryor Cashman LLP, will take the deposition of Judgment Debtor Savings Deposit Insurance Fund of the Republic of Turkey a/k/a Tasarruf Mevduati Sigorta Fund ("SDIF") pursuant to Federal Rules of Civil Procedure, Rules 69(a) and 30, before a notary public or some other officer authorized by law to administer oaths.

-2-

This deposition is to aid in the collection of the judgment obtained by Deep Woods against SDIF, entered on May 2, 2011.

The deposition will be held at the offices of Pryor Cashman LLP, which are located at 7 Times Square, New York, New York 10036.

Dated:  New York, New York
        November 9, 2011

                          PRYOR CASHMAN LLP
                          Attorneys for Plaintiff Deep Woods Holdings, LLC

                          By: _____
                               James S. O'Brien, Jr.
                               Ross M. Bagley
                               Benjamin S. Akley
                               7 Times Square
                               New York, NY 10036-7311
                               Telephone:   (212) 421-4100

# EXHIBIT C



Ronan J. McHugh
Shareholder
rmchugh@baileylawpc.com
1155 Connecticut Ave NW Suite 500
Washington, DC 20036
202.887.8040
202 862 0135 (direct)

January 23, 2012

*VIA ELECTRONIC AND FIRST CLASS MAIL*

James S. O'Brien Jr., Esq.
Ross M. Bagley, Esq.
Benjamin S. Akley, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036

### Re: Deep Woods LLC v. SDIF, SDNY Case No. 08 Civ. 934 (AKH)

Dear Sirs:

As indicated previously, last week I was in Turkey meeting with SDIF. While there, I was informed that unfortunately it is not possible for the relevant SDIF persons to be in the United States for a deposition on 7-8 February. Instead, due to the need to obtain a visa, and work schedules, the first available dates for a deposition are (excluding Mondays) the weeks beginning February 27 and March 5. Please confirm which of those two work for you so that this can be arranged.

In addition, as stated previously, we shall need in advance of the deposition a revised deposition notice with a properly itemized list of topics. Furthermore, in advance of the deposition and also in advance of the response to interrogatories, we shall also require a confidentiality agreement.

I look forward to hearing from you on these items.

Yours sincerely,

Ronan J. McHugh

Ltr to R. Fryer<br>
1/23/2012<br>
Page 2 of 2

cc. Akin Alcitepe, Esq.