Michael T. Sullivan
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
DEEP WOODS HOLDINGS LLC,
:                                            07-CV-934 (AKH)
                Plaintiff,
:
       -against-
:
SAVINGS DEPOSIT INSURANCE FUND
OF THE REPUBLIC OF TURKEY            :        **DECLARATION**
(TASARRUF MEVDUATI SIGORTA                    **OF**
FONU),                                :        **YURDAGUL RUZGAR**

                Defendant.
:
-----------------------------------------------------------X

     YURDAGUL RUZGAR, pursuant to 28 U.S.C. § 1746, declares:

     1.    I am First Legal Counsel at T.C. Ziraat Bankasi A. § ("Ziraat"). I make this declaration in support of the Ziraat's opposition to the motion of Deep Woods Holdings LLC ("Deep Woods") to compel and in support of Ziraat's motion to quash the information subpoenas and vacate the restraining notices. The statements set out below are based upon my personal knowledge or based on my review of documents in my possession or control.

     2. Ziraat is wholly owned by the Republic of Turkey. All of its shares are held by Turkey's Undersecretariat of the Treasury. The accompanying declaration of Professor Dr. Ender Ethem Atay provides further detail on this point.

3. I understand that Ziraat is deemed an "agency or instrumentality" of the Republic and that under the laws of the United States, specifically the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 et seq. ("FSIA"), Ziraat is, with few exceptions, immune from suit and process. *See Guirlando* v. *TCZiraat Bankasi, AS,* 2008 WL 5272195, at *3 & n.3 (S.D.N.Y. Dec. 15, 2008) ("the Court finds that Defendant bank is a 'foreign state' for purposes of the FSIA"); *aff'd.* 602 F.3d 69 (2d Cir. 2010), *cert, denied,* 131 S.Ct. 1475 (2011).

4. Ziraat, through its New York branch ("Ziraat New York"), in fact, engages in commercial activity in the United States. Among other things Ziraat New York lends money to customers; provides letter of credit and related services to customers; takes deposits (on a very limited basis) from customers; and provides remittance services to customers.

5. None of the commercial activity of Ziraat or Ziraat New York, however, is in any way connected to Deep Woods' claim .

6. It is worthy of note that Ziraat's relationship with SDIF is limited and occurs only in Turkey. SDIF is the State-mandated provider of depositor insurance, which Turkish law requires with respect to deposits made and maintained in Turkey. It has no application to deposits maintained outside of Turkey, even in branches of Turkish banks. Ziraat's head office, based in Ankara, periodically pays for this insurance by transferring funds—the equivalent of insurance "premiums"—from Ziraat's offices in Turkey to SDIF, also in Turkey. Under Turkish law, according to Article 111/7 of the Banking Law No. 5411, the properties of the Fund shall be deemed as state property. The properties, rights and receivables of the Fund shall not be seized or pledged.

7.      If SDIF also maintained a deposit account with Ziraat—which by reason of Turkish bank confidentiality law I cannot acknowledge and which by reason of the FSIA I should not disclose—those funds, too, would be deemed as state property and immune from attachment.

8.      As the *Guirlando* decision demonstrates, Ziraat, by maintaining a branch in New York, has not waived any defense to sovereign immunity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 14, 2012
Ankara, Turkey

_____
YURDAGUL RUZGAR