Michael T. Sullivan
(msullivan@sandw.com)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Fl.
New York, NY 10104
(212) 660-3000

*Attorneys for*
T.C. Ziraat Bankasi A.Ş.
and
Türkiye Vakiflar Bankasi T.A.O.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DEEP WOODS HOLDINGS LLC,                                    :
                                                            :    07-CV-934 (AKH)
                    Plaintiff,                              :
                                                            :
       -against-                                            :
                                                            :
SAVINGS DEPOSIT INSURANCE FUND                              :    **DECLARATION**
OF THE REPUBLIC OF TURKEY                                   :    **OF**
(TASARRUF MEVDUATI SIGORTA                                  :    **YILDIRIM EROĞLU**
FONU),                                                      :
                                                            :
                    Defendant.                              :
------------------------------------------------------------X

YILDIRIM EROĞLU, pursuant to 28 U.S.C.§ 1746, declares:

1. I make this declaration in opposition to the motion of Deep Woods Holding LLC ("Deep Woods") to compel answers to information subpoenas and in support of the cross-motion of Türkiye Vakiflar Bankasi T.A.O. ("Vakif"). The statements herein are true to the best of my knowledge.

2. Until the end of 2011, I was the General Manager of the New York Branch of Vakif ("Vakif New York"). I served in this position from 08.23.2004 to 12.06.2011. As of

12.06.2011, I returned to Turkey where I was appointed to the position of Deputy General Manager of Vakif.

3. I executed the response to Deep Woods' Information Subpoena dated September 19, 2011, that was directed to Vakif New York; and I executed the response to Deep Woods' Supplemental Information Subpoena dated November 8, 2011, that was directed to Vakif. Copies of those responses are annexed as Exhibits K and O, the contents of which I reaffirm.

4. I am fully familiar with the activities of Vakif New York that were conducted during my tenure as General Manager.

## SDIF

5. I have been involved in banking, and in particular with Turkish banking, since 1993. Based on that experience, I am generally familiar with the activities of the defendant, the Savings Deposit Insurance Fund of the Republic of Turkey ("SDIF").

6. I am advised that the parties to this lawsuit agree that SDIF is an "agency or instrumentality" of the Republic of Turkey. I agree with this proposition.

7. I understand that an expert witness will thoroughly discuss SDIF. I will not repeat that discussion. In brief, I note that the Republic of Turkey established SDIF and that it serves a purpose similar to America's Federal Deposit Insurance Corporation: it provides insurance protection to persons who maintain deposits in banks in Turkey; and it applies equally to banks organized under Turkish law and to foreign banks doing business in Turkey. It does not apply to deposits made or maintained outside of Turkey.

8. Turkish law, in fact, requires all banks operating in Turkey to maintain SDIF depositor insurance for deposits maintained in Turkey. Turkish law, in turn, requires banks operating in Turkey to make period payments to SDIF, payments that are conceptually equivalent to insurance premiums.

9. The fact that Vakif makes periodic payments to SDIF is not confidential, but the precise amount of those payments is, and the amount may not be disclosed without an order from a Turkish court. I am advised that the amount is confidential because it is determined in part based on a confidential risk rating assigned to each bank in accordance with Banking Act.

10. I understand that an expert witness will explain that these payments are deemed to be property of the Republic of Turkey and under Turkish law may not be attached.

11. I am further advised that until a bank makes its required payments to SDIF, it incurs late interest charges of approximately four percent per month.

12. I am able to state, however, that during my time as General Manager, Vakif New York – the New York branch – made no payments to SDIF; nor, to the best of my knowledge, was Vakif New York required to make payments to SDIF because SDIF has no application to deposits maintained outside of Turkey. Nor does Vakif New York hold property of SDIF.

### Confidentiality

13. I understand that another expert witness will comment on Turkish confidentiality law as it relates to banking. I will not repeat the expert's evidence. In brief, as a Turkish banker, my understanding is that Turkish law prohibits disclosure on any information regarding a bank

customer respecting activities in Turkey, unless the disclosure is authorized by an order from a Turkish court. The penalty for violating this law includes imprisonment and fines.

14. I understand that this restriction does not apply to foreign branches of Turkish banks' activities occurring outside of Turkey.

15. During my time as General Manager, Vakif New York had no relationship with SDIF, either as creditor or debtor. Simply put, SDIF was not a customer. Vakif New York did not lend to SDIF or maintain deposits for SDIF, and it did not hold property of SDIF. Nor did Vakif New York make "insurance premium" payments to SDIF.

16. I am, however, unable to comment on any possible relationship that SDIF may have or have had with Vakif (that is, any relationship in Turkey). If such a relationship exists in Turkey, I would be prohibited from acknowledging such, and I would be prohibited from disclosing any details. But I understand that if SDIF maintained accounts with Vakif, the proceeds thereof would be deemed property of the Republic of Turkey and immune from attachment.

I declare under penalties of perjury of the laws of the United States that the foregoing is true and correct.

Istanbul, Turkey
Executed on 16 February, 2012.

_____
YILDIRIM EROĞLU