James S. O'Brien, Jr. (jobrien@pryorcashman.com)
Ross M. Bagley (rbagley@pryorcashman.com)
PRYOR CASHMAN LLP
Attorneys for Plaintiff-Appellee
7 Times Square
New York, New York 10036
(212) 421-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEEP WOODS HOLDINGS, LLC,<br><br>               Plaintiff,<br><br>-against-<br><br>SAVINGS DEPOSIT INSURANCE FUND OF THE REPUBLIC OF TURKEY (TASARRUF MEVUATI SIGORTA FUND),<br><br>               Defendant, | Index No. 07 CV 934 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS
COUNSEL OF RECORD FOR PLAINTIFF DEEP WOODS HOLDINGS, LLC**

Pursuant to Local Civil Rule 1.4, Pryor Cashman LLP respectfully submits this memorandum of law in support of an unopposed motion for an order relieving all Pryor Cashman attorneys who have appeared in this matter (collectively, "Pryor Cashman" or "Plaintiff's Counsel") as counsel of record for Plaintiff Deep Woods Holdings, LLC ("Deep Woods" or "Plaintiff").

## PROCEDURAL BACKGROUND

Pryor Cashman has represented Deep Woods Holdings, LLC in its litigation with defendant Savings Deposit Insurance Fund of the Republic of Turkey ("Defendant" or "SDIF") since 2007. *See* the accompanying Declaration of James S. O'Brien, Jr. (the "O'Brien Declaration") at ¶ 1. There are currently no dates on the Court's calendar associated with this action and no activity in the litigation with the exception of Defendant's post-judgment discovery requests where Deep Woods and Defendant have stipulated that responses and objections are not due before March 19, 2015. *Id*. at ¶ 2.

Throughout the foregoing litigation Pryor Cashman has represented Deep Woods pursuant to a standard retainer agreement whereby Deep Woods pays Pryor Cashman's hourly rates for attorney and paralegal time spent working for Deep Woods as well as for costs and expenses incurred in connection with Pryor Cashman's representation of Deep Woods. *Id*. at ¶ 3.

Pryor Cashman has not been paid since 2012 and is currently owed nearly $900,000 for its services in representing Deep Woods. Accordingly, the firm wishes to withdraw and Deep Woods has consented to the withdrawal, and thus this motion is unopposed. *Id*. at ¶ 4.

Pursuant to the New York Rules of Professional Conduct § 1.16(e), Deep Woods has been apprised of the fact that this motion is being made, and the papers filed in connection with

1

this motion will be emailed and sent via federal express to the managing member of Deep Woods as they are filed. *Id*. at ¶ 5.

Further, the managing member of Deep Woods has conveyed to Pryor Cashman that Deep Woods is in the process of retaining new counsel. *Id*. at ¶ 6.

Pryor Cashman is asserting a retaining lien against Deep Woods. *Id*. at ¶ 7.

## ARGUMENT

### This Court Should Grant The Motion And Relieve Pryor Cashman As Plaintiff's Counsel

This Court's Local Civil Rules establish that counsel may not withdraw from a case without leave of Court:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

S.D.N.Y. Local Civ. R. 1.4.

It is well-settled that non-payment of counsel fees is a proper basis for withdrawal. *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006). Here, Deep Woods has not paid Pryor Cashman since 2012 and owes Pryor Cashman nearly $900,000 in fees, costs and expenses. (O'Brien Declaration at ¶ 4.) Further, Deep Woods has explained to Pryor Cashman that it consents to the withdrawal and will be retaining new counsel. *Id*. at ¶¶ 4, 6. Accordingly the Court should grant this unopposed motion.

**CONCLUSION**

For the reasons set forth above, Pryor Cashman respectfully requests that the Court issue an order permitting all Pryor Cashman attorneys who have appeared in this matter to withdraw as counsel of record for plaintiff Deep Woods Holdings, LLC.

Dated: New York, New York
March 5, 2015

PRYOR CASHMAN LLP

By: */s/ James S. O'Brien, Jr.*
James S. O'Brien, Jr.
(jobrien@pryorcashman.com)
Ross M. Bagley
(rbagley@pryorcashman.com)
7 Times Square
New York, New York  10036
(212) 421-4100

*Attorneys for Deep Woods Holdings, LLC*